STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| In re: Murphy Conditional Use Application } | Docket No. 134-6-06 Vtec |
| (Appeal of Murphy) } | |
| } | |
| Town of Bakersfield v. Murphy } | Docket No. 168-7-06 Vtec |
| } | |

Decision and Order on Cross–Motions for Partial Summary Judgment

In Docket No. 134-6-06 Vtec, Appellants Matt and Desiree Murphy appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Bakersfield, rejecting their application for a conditional use permit for their motor vehicle repair home business on the basis that the application that is the subject of the appeal is an impermissible successive application. In Docket No. 168-7-06, the Town filed an enforcement action against Appellants for the operation of that business. Appellants are represented by Paul S. Gillies, Esq. and the Town of Bakersfield is represented by Michael S. Gawne, Esq. The parties have moved for summary judgment on Questions 2, 5, and 8 of the Statement of Questions. The trial on any issues not resolved by these motions is scheduled for 9:00 a.m. to 3:00 p.m. on November 30, 2006, at the Franklin Superior Court. The following facts are undisputed unless otherwise noted.

Appellants own a 10.3-acre parcel of land, improved with their residence, located in the Rural zoning district of the Town of Bakersfield. In 2002, Appellants applied for and received a zoning permit from the Zoning Administrator to build a 32' x 58' garage,[1] 24 feet in height, to be used for a "part time business" to be conducted solely by Mr. Murphy, for

---

[1] The original application requested a 32' x 50' garage; the 50-foot-dimension was amended to 58 feet and approved in July of 2002.

1

him to work on snowmobiles, all-terrain vehicles, trucks, cars, and "other small maintenance things."

The Zoning Administrator must have treated this application as one to build an accessory building in which to carry on a home occupation, as those are within the permitted use categories in this district (for which the Zoning Administrator is authorized to issue the permit) rather than the conditional use categories for which the application must be ruled on by the ZBA. The Zoning Administrator did not treat the application as one requiring conditional use approval, either for the building or for the business. No party appealed the zoning permit, and it became final.

In March of 2004, , the Zoning Administrator issued a notice of violation asserting that Appellants were keeping "non-operative" vehicles and operating an equipment repair facility on their property without a conditional use permit. The notice of violation gave Appellants the opportunity to cure the violation by moving the junk vehicles by mid-May, and by ceasing operation of the "equipment repair facility" or applying for a conditional use permit. Both the notice of violation and its cover letter were undated, but the certified mail receipt reflects that it was delivered on March 3, 2004. The notice of violation advised Appellants how to appeal the notice of violation to the ZBA within fifteen days, and how to request a stay, and warned them that the finding of violation would become final unless the notice of violation was appealed.

On March 10, 2004, Appellants submitted an application for a conditional use permit and requested a stay[2]. While Appellants argue that this application should have been treated as an appeal of the notice of violation, they were advised of how to appeal the notice of violation as well as to apply for a conditional use permit, yet only the box for

_____

[2] The stay was denied by the Zoning Administrator, although the jurisdiction to act on the stay was with the ZBA. However, this denial also was not appealed to the ZBA and became final.

"conditional use permit" is checked on the application. The box for "appeal" is not checked and the ZBA did not treat the application for a conditional use permit as an appeal. Appellants did not appeal the issuance of the 2004 notice of violation and therefore they cannot contest the existence of the violations stated in that notice. 24 V.S.A. §4472(d).

The ZBA held a hearing regarding Appellants' conditional use application and denied it in a written decision issued on August 5, 2004. The ZBA stated as its reasons for the denial that "there is a chance that harmful waste may be discharged into a watercourse," that "the character of the area would be adversely affected" and that "the Murphys have been operating for over two years without State required permits." The notice of decision informed the Murphys incorrectly that an appeal could be filed in superior court, rather than environmental court. However, no party filed an appeal in either court, and the 2004 denial therefore became final. 24 V.S.A. §4472(d).

In early December of 2004, the Town filed an enforcement action against Appellants in Franklin Superior Court[3] (Docket No. S502-04 Fc), claiming two violations: that Defendants were operating "a motor vehicle service business" in the Rural zoning district without having obtained conditional use approval, and that Defendants were storing non-operative vehicles visible from the public roads, in violation of §715.1 of the Zoning Bylaws. According to Appellants, at the suggestion of the presiding judge in the

---

[3] Under the changes to 24 V.S.A. Chapter 117 that took effect on July 1, 2004, actions for enforcement of violations of <u>zoning ordinances</u> may only be brought in environmental court (or the judicial bureau, as appropriate under §1974a), 24 V.S.A. §§4452 and 4451, read together with §1974a; while actions to enforce an <u>order of the ZBA</u> (or other municipal panel) may be brought in environmental court or superior court. 24 V.S.A. §§4470(b). As this complaint only alleged violations of the ordinance, and requested both injunctive relief and civil penalties, it does not appear to have been within the jurisdiction of the superior court at the time it was filed. In any event, this enforcement case was transferred to environmental court at the beginning of 2006, and was assigned Environmental Court Docket Number 2-1-06 Vtec.

enforcement case then pending in Franklin Superior Court, apparently based on Appellants' claim to have resolved some of the issues, Appellants reapplied in May 2005 for conditional use approval of the motor vehicle service use. The ZBA declined to hear Appellants' application, citing 24 V.S.A. § 4470(b)[4] in its written decision issued on July 15, 2005. That decision contained no findings of fact as to whether any circumstances had changed that would warrant a successive application, and was not further appealed.

On September 15, 2005, in a conference held in the pending enforcement case in Franklin Superior Court, the presiding judge's entry reflects that he suggested that Appellants "consider filing" a new conditional use permit application "more closely tailored[5] to Town concerns about outside storage." Appellants applied again on October 4, 2005; the ZBA again issued a decision declining to hear the application on October 7, 2005. That decision again contained no findings of fact as to whether any circumstances had changed that would warrant consideration of a successive application, that is, whether the new application addressed the reasons for which the 2004 application was denied.

Appellants appealed the ZBA's October 2005 decision to this Court in Docket No. 217-10-05 Vtec. In its ruling denying the Town's motion to dismiss the appeal as an impermissible successive application, the Court noted that the Town had not taken evidence as to whether Appellants' circumstances had changed, to determine whether the application involved substantially or materially the same facts as the application denied in August of 2004, and had not made findings of fact, as required by 24 V.S.A. §4470(a). This Court explained that:

---

[4] The provisions found in §4470(b) under the former statute, are found in §4470(a) in the current statute that took effect on July 1, 2004.

[5] Such a new application is not considered to be an impermissible successive application barred by collateral estoppel, if the new application thoroughly addresses all of the specific concerns on which the municipal panel based its earlier denial. See In re Appeal of Armitage, et al., 2006 VT 113, ¶¶4, 5.

4

Governmental bodies, even at the local level, are obligated to deal fairly with the citizens who come before them. While the ZBA's rejection of Appellants' application out of hand does not rise to the level of estoppel, see, e.g., In re McDonald's Corp., 146 Vt. 380, 386 (1985); In re Lyon, 2005 VT 63, ¶31, neither did it meet the requirements of 24 V.S.A. §4470(a) or of the obligation of fair dealing. At the very least, the ZBA should have made factual findings as to why no circumstances had changed sufficiently to warrant consideration of Appellants' 2005 application. It appears that Appellants will be able to present evidence that their circumstances had changed at least with respect to the risk of discharge into a wetlands, and compliance with state permitting and reporting requirements. Moreover, it was not fair dealing for the Town to bring an enforcement action in 2004 to require Appellants to obtain a conditional use permit for their business, and then to reject out of hand their subsequent application for the required permit.

In re: Murphy Conditional Use Application, Docket No. 217-10-05 Vtec, slip op. at 2-3 (Vt. Envtl. Ct. Dec. 22, 2005). In that decision, this Court advised the parties that we would proceed to schedule the trial on the merits of Appellants' conditional use application, but advised the parties that the ZBA could request a remand under V.R.E.C.P. 5(i) if it wanted to reconsider its rejection of the application, either to make the factual findings required by §4470(a) as to why it was an impermissible successive application, or to consider the application on its merits. Based on the stipulation of the parties filed in both the appeal (Docket No. 217-10-05 Vtec) and the enforcement action (Docket No. 2-1-06 Vtec), this Court remanded those proceedings.

Appellants reapplied once again for a conditional use permit, which was denied by the ZBA in a written decision issued on May 17, 2006. Although the ZBA stated that it could have rejected the application once again as "substantially similar to the issues and facts raised in the earlier application," it again did not make any findings as to whether any facts about the new application had changed regarding the reasons the application had been denied before, that is, about the potential for discharge of wastes or the project's effect on the character of the area.

5

The ZBA proceeded to consider the application on its merits, and denied the conditional use application on the basis that the property has insufficient acreage, stating that twelve acres would be necessary to accommodate both the single-family dwelling, which requires ten acres, and the motor vehicle and equipment sales and service use, which requires two acres. With respect to the conditional use standards, the ZBA concluded that the property as currently developed adversely affects the character of the neighborhood, but stated conditions that it would impose (presumably to meet those concerns) if there were sufficient acreage to accommodate both uses. One of those conditions was that an old bus on the property, apparently being used for storage, must obtain a permit either as an accessory to the residential (permitted) use, or as accessory to the business (conditional) use. Appellants appealed that decision to this Court in Docket No. 134-6-06 Vtec.

School Bus as a Structure

The parties have moved for summary judgment regarding whether a school bus located on Appellants' property is a structure that requires a permit under §202.1.1. The term 'structure' is defined as "[a]nything constructed, erected or placed and which requires a fixed location on the ground in order to be used. §855. The definition gives examples of structures, including buildings, as well as "signs, silos, garages, carports, porches, patios, walls, swimming pools, and other out-buildings or building features," and lists the following features as excluded from the definition: "sidewalks, driveways, fences and temporary docks or floats."

Resolution of this issue turns on how the school bus functions, not what it is made of or what it looks like. See Appeal of Trevor Evans, Docket No. 122-5-02 Vtec, slip op. at 3 (Vt. Envtl. Ct., June 30, 2003) (8' x 24' truck trailer with refrigeration unit used for storage); Appeal of Adams, Docket No. 145-9-03 Vtec, slip op. at 4, n.3 (Vt. Envtl. Ct., Mar. 21, 2005) (trailer portion of tractor-trailer used for storage). If the bus is used for storage and

6

functions as a structure, it requires a building permit under the Bylaws; if it is being used as a vehicle, it may not require a permit.  The Town's motion for summary judgment is therefore GRANTED in part on this issue; however, as material facts are in dispute as to what is the functional use of the school bus, the motions for summary judgment on this issue are otherwise DENIED, and this issue remains for trial.

Two principal uses on one property

The Town argues that Appellants do not have sufficient acreage to seek conditional use approval of their business on the same property as their residence.  In the Rural zoning district, the Bylaws require a ten-acre lot size for a single-family residence, and a two-acre lot size for a "Motor Vehicle & Equipment Sales & Service" use.  All uses and structures must comply with the dimensional requirements for the relevant district.  Bylaws §302.2.

The definition of "principal structure/use" is a "structure, or use, directly involved with the primary purpose of ownership of a particular lot." Bylaws §846 (emphasis added).  Appellants do not argue that their residence is not the principal use on the lot.  And see Bylaws §802 (structure used for residence excluded from definition of accessory[6]).  An "accessory use/structure," is defined as a "use or structure that is incidental and subordinate to the principal use or structure located on the same lot, such as patios, porches, garages, toolsheds, personal [renewable energy] systems and the like." Bylaws §802 (emphasis added).  Although these sections themselves are written in the singular, the Bylaws do not contain a separate section specifically prohibiting more than one principal use on a given lot.  However, the definition of a "lot" is "a parcel of land occupied, ... by only one principal building and its accessory building(s) or use(s)." Bylaws §831 (emphasis added).  Reading these three definitions together, and recognizing that "the paramount

---

[6]  This provision may now conflict with 24 V.S.A. §4412(1)(E); however, that statutory section regarding an accessory dwelling unit is not at issue in the present case.

function of the court is to give effect to the legislative intent," <u>In re Casella Waste Mgmt., Inc.</u>, 2003 Vt. 49, ¶6, it is apparent that the Bylaws do not allow two principal uses in separate principal buildings on a single lot, as is proposed in the present case. If the vehicle repair business exceeds the level of a home occupation operated in an accessory building, sufficient to require conditional use approval, then it would be a second principal use in a second principal building and not allowed[7] under the Bylaws. The Town's motion for summary judgment is therefore GRANTED in part on this issue.

However, Appellants do continue to hold their permit for the garage, allowing them to operate a home occupation in the garage, repairing motor vehicles and equipment such as snowmobiles, all-terrain vehicles, trucks, cars, and "other small maintenance things." They may continue to operate that business so long as it remains within or is reduced to the scope of a home occupation as defined by §707 of the Bylaws.

Disputed facts remain as to the scope of the repair business, and whether it meets or could be made to meet all of the subsections of §707. The motions for summary judgment must be DENIED as to this issue, which also remains for trial.

<u>Successive application issue</u>

To avoid dismissal of an application under the "successive application doctrine", an applicant must demonstrate that "a revised proposal addresses all concerns that prevented approval of the prior application." <u>Armitage</u>, 2006 VT 113, ¶4. If the property had contained enough acreage to support the conditional use application, we would have begun the hearing by giving Appellants the opportunity to present evidence showing if the present proposal addresses the concerns for which the October 2004 application was denied. If so, this application would not be barred by §4470(a) and we would have

---

[7] No application for approval of a Plann[ed] Unit Development on this property has been submitted to the Planning Commission, Bylaws §845, or appealed to this court.

proceeded to consider it on its merits. Therefore, Appellants' Motion for Partial Summary Judgment is GRANTED in part as to this issue, in that the present application is not necessarily an impermissible successive application.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both motions for summary judgment are granted in part and denied in part, as discussed in detail above. The trial on the remaining disputed issues remains scheduled for November 30, 2006, from 9:00 a.m. to 3:00 p.m. Please advise the Court as soon as possible if the parties believe either that the trial will take more than the five hours scheduled, or that interlocutory appeal will be sought of any issues in this decision. If so, please also be prepared to discuss scheduling at the telephone conference that remains scheduled for November 20, 2006.

Done at Berlin, Vermont, this 16th day of November, 2006.

_____

Merideth Wright
Environmental Judge